## GURNEY v. OAKES et al.

(Circuit Court of Appeals, First Circuit. February 13, 1895.)

### No. 107.

PATENTS—INFRINGEMENT—DEVICE FOR BUILDING CARRIAGE TOPS.
The Oakes patent, No. 378,457, for an adjustable form for setting and building carriage tops, *held* infringed, as to claims 1 and 3, by a device made in accordance with the Quimby patent, No. 458,252. 62 Fed. 269, affirmed.

Appeal from the Circuit Court of the United States for the District of Massachusetts.

This was a bill by Judson E. Oakes and others against James W. Gurney for infringement of a patent. The circuit court rendered a decree for complainants (62 Fed. 269), and defendant appealed.

James E. Maynadier, for appellant.
William H. Clifford, for appellees.

Before COLT and PUTNAM, Circuit Judges, and NELSON, District Judge.

COLT, Circuit Judge. This case turns on the infringement of the first and third claims of letters patent No. 378,457, granted to Cummins C. Oakes, February 28, 1888, for an adjustable form for setting and building carriage tops. The invention in this device resides in the adjustable feature of its different parts. Previous to this invention, it was customary to set the framework of carriage tops upon the finished carriage seat. This method was open to several objections. By means of the patented apparatus, carriage tops can be built separately from the carriage body, and made of any height and width to fit carriage seats of different sizes. The device consists of two base blocks having bolted to their under sides horizontally sliding bars, by which means they can be moved towards and from each other. Rising from the outer ends of these blocks are upright standards supporting horizontal crossbars which have small grooved blocks on their outer faces. This framework composes the support for the bow, bow sockets, and carriage-top rails of the carriage top; the crossbars support the upper ends of the bow sockets, which are received and held in proper position by the grooved blocks, while their lower ends are brought together and pivoted to the carriage-top rails, which are secured to the bases. By means of the sliding bars and connecting mechanism, the bases are made adjustable to each other, and so regulate the width of the carriage top; by means of the vertical slots and connecting mechanism in the crossbars, the crossbars are made adjustable, and so regulate the height of the bow sockets and carriage top; by means of the horizontal slots and connecting mechanism in the crossbars, the grooved blocks are made adjustable, and so regulate the relative position with respect to each other of the bow sockets; by means of the vertical slots and connecting mechanism in the supports of the carriage-top rails, the bow sockets are made adjustable to the bases, and so regulate the distance of the carriage top from the bases or from the seat of the carriage. The first claim of the patent is for the combination of the adjustable moving bases with their sliding bars; the upwardly projecting standards; the connecting bars with the grooves on their outward faces; and means for securing the carriage-top rails to the bases. The third claim is for the combination of the adjustable connecting bars provided with the adjustable blocks.

It is manifest that the defendant's device, which is constructed under the Quimby patent, No. 458,252, dated August 25, 1891, has the same general adjustable features, and accomplishes the same result, as the patent in suit. The defendant contends that he does not infringe these claims of the patent, by reason of certain specific differences in the mechanical construction of his apparatus; but we are of opinion—First, that the screw threads and connecting mechanism of the defendant's device are plainly the equivalent of the sliding bars and connecting mechanism of the Oakes patent; second, that the inner faces for the reception of the bow sockets used in the defendant's form are the equivalent of the outer faces described in the patent; third, that the defendant has substantially the same or equivalent means for securing the bow sockets of the

carriage top to the base of the form. With respect to the last point, the controversy turns.on the signification of the words "means for securing the carriage-top rails to the base of the form," which are found in the first claim. While the defendant's device, strictly speaking, has not any carriage-top rails, it has projecting horizontal points to which the lower ends of the bow sockets are attached, and which correspond to the horizontal projections of the carriage-top rails of the patent, and it has the same adjustable means for attaching these horizontal points to the base of the form as are found in the Oakes patent. If we cut off all the carriage-top rails except the horizontal projections, we find the defendant uses the same means for accomplishing the same result. The carriage-top rails are not made an element of the combination of this claim. The defendant uses all that portion of the rails which is necessary to secure the bow sockets to the base of the form. The pins in defendant's apparatus which receive the lower ends of the bow sockets are manifestly the same as the horizontal ends of the carriage-top rails of the patent, and these horizontal points are made adjustable in defendant's apparatus, by means of a slot and a clamping thumb nut, in precisely the same way as the horizontal points of the patent.

As to the third claim, the conclusion of the majority of the court is in favor of the plaintiffs below. The defendant admits the use of the adjustable blocks, and seeks to avoid infringement on the ground that the crossbars of his device are not adjustable. The only difference in mechanical construction between the two devices is that the bow sockets in the defendant's apparatus are made adjustable by means of the pins moving in the slots of the vertical arms attached to the outer edges of the base blocks, instead of by means of the adjustable crossbars of the patent; in other words, the point of adjustability is transferred from the upper to the lower ends of the bow sockets. This difference arises from the fact that the defendant's apparatus does not contain the carriage-top rails, but it is plain that he uses the same or equivalent means for accomplishing the same end. We do not understand that the defendant seriously contests the patentability of either of these claims, but the case really turns on the question of infringement. This is not a case where the defendant has left out from the alleged infringing apparatus one element of the combination described in the claim of the patent; nor is it a case where the patentee, by reason of the prior art, is restricted to the specific form of mechanism set forth in his claim; and therefore the authorities cited by the defendant do not apply to the present case. The decree of the circuit court is affirmed.